UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DEAN, | ) | Case No. 1:22-cv-00194 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| META PLATFORMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

At issue in this case is an allegedly defamatory statement posted on Facebook. The subject of the post, James Dean, filed suit against Facebook operator Meta Platforms, Inc., alleging claims for negligence, libel, and civil rights violations. Defendant Meta Platforms, Inc. moves to dismiss Plaintiff's complaint. For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

At this stage of the proceedings, the record reflects the following facts, which the Court construes in favor of Plaintiff.

On July 29, 2020, Facebook user Andy Cordan posted a news story to Facebook containing false claims related to Mr. Dean and Mr. Dean's business. (ECF No. 1, PageID #1–2.) In the comments section of the post, other Facebook users made violent threats. (*Id.*. PageID #2.) Also as a result of the post, several individuals drove to Mr. Dean's homes in Tennessee and yelled threats and committed vandalism. (*Id.*) Mr. Dean and his family continue to receive threatening and harassing phone

calls. (*Id.*) The post and resulting harassment have forced Mr. Dean to close his business. (*Id.*)

On February 3, 2022, Mr. Dean, proceeding *pro se*, sued Defendant Meta Platforms, Inc., which operates Facebook, alleging libel, negligence, violation of the Sixth Amendment, and violation of the Federal Tort Claims Act. (*Id.*, PageID #4.) Defendant moves to dismiss Plaintiff's complaint. (ECF No. 7.) Plaintiff did not oppose Defendant's motion, and the time to do so has expired.

## ANALYSIS

To survive dismissal, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "states a claim for relief that is plausible, when measured against the elements" of the cause of action asserted. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. American Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). To meet Rule 8's pleading standard, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). To state a claim, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555. In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to the plaintiff, accepts the factual allegations

of the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015).

## I. Libel

Plaintiff asserts a claim for libel, a State law cause of action. (ECF No. 1, PageID #4.) Under Ohio law, an "action for libel . . . shall be commenced within one year after the cause of action accrued." Ohio Rev. Code § 2305.11(A). "The statute of limitations begins to run when the allegedly defamatory words are first spoken or published." *Sabouri v. Ohio Dep't of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (2001). In this case, the Facebook user published the allegedly defamatory statement on July 29, 2020. (ECF No. 1, PageID #1.) Plaintiff filed this lawsuit on February 3, 2022, more than six months after the one-year statute of limitations had expired. Therefore, the face of the complaint shows that Plaintiff's libel claim is time-barred.

## II. Negligence

Plaintiff asserts a claim for negligence, also a State law cause of action. (ECF No. 1, PageID #4.) Under Ohio law, the elements of negligence are: "(1) the existence of a duty; (2) breach of the duty; and (3) an injury proximately resulting from the breach." *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465–66 (6th Cir. 2012) (citing *Jeffers v. Olexo*, 43 Ohio St. 3d 140, 142, 539 N.E.2d 614 (1989)).

According to the complaint, Plaintiff "has no Facebook (FB) account, no access to Facebook pages, does not use Facebook, and did not authorize personal or business information '*Deans Liquidation*' to be posted on Facebook." (ECF No. 1, PageID #2.)

3

On these facts, the Court is hard pressed to say that Plaintiff states a claim for negligence.

### III. Sixth Amendment

Plaintiff asserts a claim under the Sixth Amendment. The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . and to be informed of the nature and cause of the accusation . . . ." U.S. Const. amend. VI. By its terms, the Sixth Amendment applies only to the government, not a private party, and does not apply in civil cases. *Id.*; *Butts v. Chambers*, No. 07-12351, 2007 WL 1840152, at *2 (E.D. Mich. June 26, 2007). The complaint does not allege that Defendant is a state actor, nor does it allege a specific violation of Plaintiff's rights under the Sixth Amendment. Accordingly, Plaintiff fails to state a claim under this cause of action.

### IV. Federal Tort Claims Act

Finally, Plaintiff asserts a claim under the Federal Tort Claims Act. Through this Act, the United States waived its sovereign immunity from certain state-law tort claims. *See* 28 U.S.C. § 1346(b). The Act does not provide a cause of action but rather vests district courts with jurisdiction over "claims against the United States" for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee "acting within the scope of his office or employment." *Id.* § 1346(b)(2). Plaintiff does not allege that Defendant or any of Defendant's agents is a federal employee. Accordingly, Plaintiff cannot sustain a claim under the Federal Tort Claims Act.

\*   \*   \*

The Court determines that Plaintiff has failed to state a claim on which relief can be granted and therefore dismisses the action. Fed. R. Civ. P. 12(b)(6). Accordingly, the Court need not address Defendant's arguments on personal jurisdiction and Section 230 of the Communications Decency Act, 47 U.S.C. § 230, and expresses no opinion on those matters.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** Plaintiff's complaint.

**SO ORDERED.**

Dated: March 28, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio